UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* TIFFANY CAREY, ET AL. | § § | |
| | § | |
| v. | § | CIVIL NO. 4-19-CV-711-SDJ |
| | § | |
| DALLAS NEPHROLOGY ASSOCIATES | § § | |

**DEFENDANT DALLAS NEPHROLOGY ASSOCIATES' RESPONSE IN OPPOSITION TO RELATORS' OPPOSED MOTION TO LIFT STAY**

Defendant, Dallas Nephrology Associates ("Defendant" or "DNA"), files this Response in Opposition to Relators, Tiffany Carey's and Melissa Mullins's (collectively, "Relators") Opposed Motion to Lift Stay (Dkt. # 59), and in support, states as follows:

## I. Introduction

The Court's Order granting DNA's Motion to Stay Discovery (the "Stay Order") (Dkt. #48) should remain in place because the circumstances that warranted its initial entry have not changed. As the Court correctly recognized in the Stay Order, **"[DNA's] motion to dismiss must be resolved before further discovery takes place."** *Id.* at 1 (emphasis added). DNA's Motion to Dismiss remains pending, and the procedural posture of this case is materially the same as it was in September 2022, when the stay was entered. Accordingly, there is no basis to lift the Stay Order.

Relators' arguments to the contrary are unpersuasive. The stay is not indefinite; it will terminate upon resolution of the Motion to Dismiss. The dispositive

issues raised in that motion have not changed and will not change with the mere passage of time. The relevant evidence has been, and will continue to be, preserved in accordance with applicable law and was voluntarily submitted to and has been in the Relators' possession several years. The Stay Order should therefore remain in effect, and Relators' Motion should be denied.

## II. Relevant Background

On September 30, 2019, Relators filed this *qui tam* action against DNA alleging violations of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq*. *See generally* Dkt. # 1. The Complaint lacks specific factual allegations and other indicia of reliability, and largely recites legal conclusions, except for allegations contained in approximately two paragraphs of the Complaint. *See id*. There, Relators alleged that DNA violated the FCA through a policy of routinely waiving deductibles and copayments for Medicare patients without making individualized financial-hardship determinations or undertaking reasonable collection efforts, such as using a professional collection agency.[1] *See id.* ¶¶ 36-37. Relators further alleged that they were "informed" and "believe" that DNA wrote off more than ten million dollars in revenue as bad debt and, based solely on that fact, they simply presumed that DNA

[1] As set forth in DNA's Motion for Sanctions, discussed *infra*, these allegations are contravened by the facts developed in this case and discussed in the affidavit of Steve Davis attached to the Rule 11 Motion.

failed to undertake reasonable collection efforts or make individualized financial hardship determinations.[2] *See id.* ¶ 37.

After DNA received a Civil Investigative Demand ("CID") in connection with this matter, it conducted an internal investigation into the allegations in the Complaint and submitted requested evidence to the United States Attorney, who ultimately declined to intervene. On April 27, 2022, DNA voluntarily provided Relators' counsel with the results of its internal investigation, along with relevant data and evidence, and later served documents as part of its Rule 26 initial disclosures, totaling more than 65,000 pages of documents and over 45 GB of data. DNA's internal investigation and the relevant evidence confirmed that Relators' claims of any systemic waiver of patient copayments were unsupported and that the FCA claims should be dismissed.

On May 16, 2022, DNA filed its Motion to Dismiss, arguing, among other things, that Relators failed to state a viable FCA claim and failed to satisfy Rule 9(b)'s heightened pleading standard for fraud. *See* Dkt. # 25 at 6–15.

On September 1, 2022, DNA filed its Motion for Sanctions against Relators and their counsel under Rule 11. *See* Dkt. # 40. That motion detailed the results of DNA's internal investigation previously shared with Relators' counsel and included the

[2] An organization that makes reasonable efforts to collect copayments and deductibles will necessarily accumulate bad debt over time, and that is exactly what occurred with DNA. Thus, the suggestion that DNA's bad debt somehow supports an allegation of routine waiver of copayments and deductibles is not only disingenuous, but backwards. Rather than supporting any inference of routine waiver of coinsurance obligations, the accumulation of bad debt demonstrates DNA's ongoing and reasonable collection efforts, with unpaid balances ultimately being written off as bad debt.

declaration of Steve Davis, a licensed private investigator and private security company manager with Digital Discovery, who was retained to assist with the gathering of data and information responsive to the CID. *See generally id*. After reviewing DNA's substantial data (over a million documents and emails), Mr. Davis attested that there was no evidence DNA had routinely or systemically waived or forgiven patient responsibility during the relevant period. *See id*., Exhibits A-B (Mr. Davis is as available today as he was when his declarations were completed). Thus, as set forth in both DNA's dispositive Motion to Dismiss and its Motion for Sanctions, Relators' claims are not sufficiently plead, lack any basis in law or fact, and should be dismissed as a matter of law.

On September 12, 2022, DNA filed its Motion to Stay Discovery and established good cause for a stay on the ground that the interests of both the Court and the parties were best served by pausing discovery pending resolution of the Motion to Dismiss. *See* Dkt. # 46. Because the Motion to Dismiss is dispositive of the entire case, its resolution will eliminate any need for further discovery. Indeed, by the time DNA moved to stay discovery, it had already produced more than 65,000 pages of documents to Relators demonstrating that their claims lacked merit. *See id*. at 5. The Court agreed and entered its Stay Order two days later, on September 14, 2022. *See* Dkt. # 48. Those dispositive, meritorious issues remain pending.

## III. Argument

### A. Continuation of the Stay is Appropriate Because the Circumstances Remain Unchanged.

Although staying discovery while a motion to dismiss is pending is "the exception rather than the rule," *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015), a court may nonetheless stay discovery for "good cause shown" pending resolution of a dispositive motion where resolution of that motion may obviate the need for discovery, or where discovery would impose undue burden or expense. *Von Drake v. Nat'l Broad. Co.*, No. 3:04-CV-0652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (citing Fed. R. Civ. P. 26(c)); *see also Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011). In exercising that discretion, courts consider factors such as "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Von Drake*, 2004 WL 1144142, at *1 (citations omitted). Discovery stays are especially appropriate in FCA cases such as this one, where Rule 9(b)'s heightened pleading standard applies and the burden and expense of discovery are significant. *See, e.g., Vanderlan v. Jackson HMA, LLC*, No. 3:15-cv-767-DPJ-FJB, 2017 WL 9360854 (S.D. Miss. Dec. 22, 2017).

DNA has already demonstrated good cause for continuation of the stay, and nothing material has changed since entry of the Stay Order. The same arguments advanced in DNA's Motion to Stay, and the same grounds on which the Court granted that motion, remain fully applicable. The discovery sought by Relators remains broad, and the burden on DNA to respond remains substantial, particularly given that DNA

has already produced thousands of documents and provided Relators with evidence showing their claims are baseless and warrant sanctions. In addition, DNA's Motion to Dismiss and Motion for Sanctions are fully briefed and ripe for decision, and the strong, potentially dispositive issues they raise remain unchanged. Accordingly, as this Court has already correctly held, the Motion to Dismiss should be resolved before any further discovery proceeds.

### B. The Stay is Temporary and Justified Given the Complex FCA Issues Presented.

Contrary to Relators' assertion, the mere passage of time since entry of the stay does not render it immoderate in scope. The stay is temporary (until such time as the Court rules on the Motion to Dismiss), and it is appropriate, particularly in light of the complexity of the issues presented in DNA's motions. Duration of the stay alone does not make it immoderate when weighed against the interests of judicial efficiency and the complexity of the FCA issues here, which this Court has already considered and found to favor maintaining the stay. Moreover, the standard set forth in *Hines* requires consideration of both the duration of the stay and the justification for it. *See Hines v. D'Artois*, 531 F.2d 726, 733 (5th Cir. 1976). Here, that justification—avoiding potentially unnecessary and burdensome discovery in a complex FCA case—remains fully valid regardless of the timeline for ruling on the dispositive motion. This is especially the case here, where a serious question exists about the basis of the Complaint in fact and law, as addressed in DNA's Motion for Sanctions.

**C. There is No Concrete Risk of Loss or Degradation of Evidence.**

Relators' speculative assertion that they are unduly prejudiced by the stay because of a supposed risk of "loss of evidence" is also unpersuasive. The relevant evidence has been preserved and/or is in Relator's possession. Relators identify no specific evidence that has been lost or is likely to be lost, nor do they point to any witness who has become unavailable, including Affiant Steve Davis. Their claimed prejudice is therefore factually unsupported and largely hypothetical. Instead, litigation holds and record-retention obligations for healthcare organizations require the preservation of relevant materials for extended periods, and DNA has complied and will continue to comply with those obligations here. Moreover, the stay does not prevent Relators from continuing to develop evidence through means outside formal discovery. They remain free to conduct consensual witness interviews, preserve affidavits, and review and preserve the substantial volume of data that DNA has already produced and that Relators have had in their possession for years.

**IV. <u>Conclusion</u>**

The basis for the Stay Order remains unchanged, the stay continues to be justified and appropriately tailored, and Relators have shown no legitimate basis that would warrant lifting it. The Court should therefore deny Relators' Motion and leave the Stay Order in place pending resolution of DNA's Motion to Dismiss.

**Dated: April 7, 2026.**

Respectfully submitted,

/s/ *Suzanne H. Swaner*
SUZANNE H. SWANER
Texas Bar No. 90001631
NELSON MULLINS
5830 Granite Pkwy., Suite 1000
Plano, TX 75024
Tel: 469-484-6168
Fax: 469-828-7217
suzanne.swaner@nelsonmullins.com

/s/ *Gabriel L. Imperato*
GABRIEL L. IMPERATO
Florida Bar No. 623652
NELSON MULLINS
*Admitted Pro Hac Vice*
One Financial Plaza, Suite 2700
100 S.E. Third Avenue
Fort Lauderdale, Florida 33394
Tel: 954-764-7060
Fax: 954-761-8135
gabriel.imperato@nelsonmullins.com

*Attorneys for Defendant, Dallas Nephrology Associates*

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2026, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court and served on all counsel of record through the Court's CM/ECF system.

/s/ *Suzanne H. Swaner*
SUZANNE H. SWANER
Texas Bar No. 90001631